**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-6113

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:01-cr-00191-CMH-1)

Submitted:  April 18, 2019                                    Decided:  April 23, 2019

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David Hill, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Hill seeks to appeal the district court's order denying Hill's authorized, successive 28 U.S.C. § 2255 (2012) motion in which Hill asserted *Johnson*[1] challenges to his three 18 U.S.C. § 924(c) (2012) convictions and his career offender designation, and the court's subsequent order denying Hill's Fed. R. Civ. P. 59(e) motion to alter or amend judgment. In its initial order, the district court concluded that the *Johnson* claim was untimely as to Hill's § 924(c) convictions and that the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), foreclosed Hill's *Johnson* challenge to his career offender designation. The court further denied Hill's attempts to amend his successive § 2255 motion to raise a *Brady*[2] claim, which was unrelated to *Johnson*. The court subsequently denied Hill's motion to alter or amend judgment, which focused exclusively on the denial of Hill's request to amend the § 2255 motion to add the unrelated *Brady* claim.

The district court's orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong.

___

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

2

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Hill has not made the requisite showing. Specifically, Hill's failure to contest in his informal brief the district court's dispositive ruling related to *Johnson*'s applicability in the § 924(c) context forecloses any challenge to that ruling. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Nor has Hill demonstrated that the court's refusal to allow the amendment to raise an unrelated *Brady* claim was debatable. Accordingly, we deny a certificate of appealability, deny Hill's motions to appoint counsel, for transcripts at Government expense, and to unseal the records in another criminal action, and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3